UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| SIEMENS INDUSTRY INC., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:13 CV 273 |
| | ) | |
| CITY OF EAST CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION and ORDER

**I.    BACKGROUND**

In 2008, the plaintiff, Siemens Industry, Inc. ("Siemens") and the defendant, the City of East Chicago ("the City"), entered into an agreement under which Siemens was to supply a membrane filtration system for the City's new water treatment plant. Siemens' performance bond sureties, Federal Insurance Company and Fidelity and Deposit Company of Maryland ("the Sureties"), bound themselves to perform on Siemens' behalf in the event that Siemens defaulted. (No. 2:13 CV 334, DE # 1 at 51-52.)

According to the City, Siemens did exactly that. On August 7, 2013, the City filed suit against Siemens and the Sureties in the Circuit Court of Lake County, Indiana, alleging breach of contract and demanding that the Sureties perform on the contract. (No. 2:13 CV 334, DE # 1.) That same day, Siemens filed suit against the City (but not the Sureties) in federal court, alleging breach of contract and demanding a declaratory judgment regarding the parties' rights and responsibilities. (No. 2:13 CV 273, DE # 1.) On September 20, 2013, Siemens removed the state court suit to federal court (No. 2:13

CV 334, DE # 2); Siemens invoked diversity jurisdiction despite the fact that the state court plaintiff (the City) and some of the defendants (at least one of the Sureties) were citizens of the same state (Indiana). The cases were consolidated under Case No. 2:13 CV 273 before the undersigned on October 21, 2013. (No. 2:13 CV 273, DE # 22.)

The City has moved to remand Case No. 2:13 CV 334 to state court, citing the lack of complete diversity in the case. (No. 2:13 CV 334, DE # 10.) Siemens has opposed the motion. (No. 2:13 CV 334, DE # 21.) The City also has filed a motion requesting that: (1) the court abstain from presiding over the federal suit filed by Siemens because of the existence of parallel state court proceedings; and (2) the court exercise its discretion to abstain from hearing the declaratory judgment claim in the federal suit filed by Siemens. (No. 2:13 CV 273, DE # 11.) Siemens has not responded to either of the City's abstention arguments, but contends that the City's first argument is moot because the state court case is now in federal court. (No. 2:13 CV 273, DE # 17.) Both motions are fully briefed and ripe for ruling.

II.   DISCUSSION

   A.   The City's Motion to Remand Case No. 2:13 CV 334

The City has moved to remand Case No. 2:13 CV 334 for lack of jurisdiction. As explained above, this case was originally filed in state court and was removed to this court by defendant Siemens, despite the fact that the City and at least one of the Sureties were citizens of the same state, seemingly in violation of 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter . . . is between

2

. . . citizens of different States."). Siemens claims that it appropriately removed the case to this federal forum because the Sureties were not proper parties in the state court suit. Without the Sureties as defendants in the case, Siemens argues, the remaining litigants are diverse in citizenship. In short, Siemens claims that the Sureties were fraudulently joined in the state case in order to keep the case out of federal court.

The Seventh Circuit Court of Appeals has stated that "[f]raudulent joinder is difficult to establish" and that a defendant attempting the feat faces a "'heavy burden.'" *Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 764 (7th Cir. 2009) (quoting *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir. 1992)). A defendant claiming fraudulent joinder "must demonstrate that, 'after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.'" *Id.* (quoting *Poulos,* 959 F.2d at 73). "Framed a different way, the district court must ask whether there is 'any reasonable possibility' that the plaintiff could prevail against the non-diverse defendant." *Id.* (quoting *Poulos,* 959 F.2d at 73.). In determining whether a fraudulent joinder has occurred, the court must examine state law to determine whether the plaintiff has any reasonable possibility of success. *Id.*

Whether the Sureties were properly joined in the state suit comes down to whether the City has a reasonable possibility of success on its claim against the Sureties, despite non-compliance with Section 5 of the performance bond. In Section 5, the parties agreed that the City would provide a written notice to the Sureties demanding that it perform under the bond; 15 days later (assuming the Sureties did not perform), the

3

Sureties would be deemed in default, and the City would be entitled to enforce any remedies available to it. (Bond § 5, DE # 1 at 52.) The City does not seem to dispute that it did not follow Section 5 to the letter. Indeed, the record suggests that the City sent the Sureties correspondence on July 29, 2013, stating that the City "presume[d] the sureties deny all liability and will not be taking any action [on] the Bond" (DE # 19-4 at 1), and then filed suit nine days later. In other words, the City does not appear to have demanded performance nor allowed 15 days before pursuing its remedies.

Siemens claims that this issue is black-and-white: the City failed to comply with a condition precedent appearing at Section 5 in the Bond before filing suit, and therefore the City's claim against the Sureties is meritless. But the issue actually involves shades of grey. Though there is no controlling Indiana law on the subject, states are split regarding what constitutes a material breach of a performance bond sufficient to relieve a surety of its obligations. *Compare, e.g., Dragon Const., Inc. v. Parkway Bank & Trust,* 678 N.E.2d 55, 58 (Ill. App. 1997) (failure to provide notice as specified in performance bond constituted material breach); *with Kilpatrick Bros. Painting v. Chippewa Hills Sch. Dist.,* No. 262396, 2006 WL 664210, at *4 (Mich. Ct. App. Mar. 16, 2006) ("We decline to follow cases from other jurisdictions [such as *Dragon Construction*] that allow a surety's responsibilities to be discharged for technical violations of the bond.").

It is impossible to predict precisely what an Indiana court would do if faced with this issue. For fraudulent joinder purposes, the court is to resolve "'all issues of fact *and law*'" in favor of the City. *Schur,* 577 F.3d at 764 (quoting *Poulos,* 959 F.2d at 73)

4

(emphasis added). Accordingly, the court must conclude that the City has a reasonable possibility of success in its suit against the Sureties. This means that the Sureties were not fraudulently joined as defendants in the City's state court suit. *Schur*, 577 F.3d at 764. Therefore, the state court suit properly contained a claim by a citizen of Indiana (the City) against another citizen of Indiana (at least one of the Sureties). This lack of diversity of citizenship between the parties in the state court suit means that its removal, by Siemens, to this federal forum was improper. *See* 28 U.S.C. § 1332(a)(1). In short, this court lacks jurisdiction over the state court case, and the City's motion to remand must be granted.

The City has asked for an award of costs and fees due to Siemens' improper removal of this case. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). As explained above, the City's claim against the Sureties depends upon an unsettled issue of law in Indiana. It is possible that an Indiana court will rule in Siemens' favor on the question, and because of this possibility, Siemens possessed an objectively reasonable basis for seeking removal, even if removal was ultimately deemed improper. Accordingly, the City's request for costs and fees is denied.

5

**B. The City's Motion to Abstain in Case No. 2:13 CV 273**

The City has also filed a motion requesting that this court abstain from presiding over Case No. 2:13 CV 273, which Siemens filed in this federal forum. The City argues, first, that the court should abstain due to the pendency of nearly identical state proceedings (namely, Case No. 2:13 CV 334, which the court has just remanded back to state court) under *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 818 (1976). Second, the City argues that the court should exercise its discretion under *Wilton v. Seven Falls Co.,* 515 U.S. 277 (1995), and *Brillhart v. Excess Insurance Co. of America,* 316 U.S. 491 (1942), and abstain from hearing Siemens' declaratory claim.

Siemens did not respond to the merits of the City's motion, and presents no defense, whatsoever, to the City's *Wilton/Brillhart* abstention argument. As for the City's *Colorado River* argument, Siemens simply argues that the point is moot because Siemens removed the case to federal court, meaning there was no parallel state proceeding.[1]

---

[1] In the last line of its brief, Siemens stated: "In the event the Court deems the present Motion not to be moot, Siemens requests that the Court grant it an additional ten days to respond to the City's motion." (DE # 17 at 5.) Siemens' approach, in this regard, is inappropriate. Perhaps Siemens could have requested permission, in advance, to narrow its response to the issue of mootness and delay a more substantive response, but it did not do so. Instead, Siemens made one argument assuming it would succeed, and attempted to reserve the right to come up with something else if it did not. No local or federal rules allow a litigant to "save its bullets" in this manner. Not only would this practice require more time for the City to file additional reply briefs, but the court would have to rule on the City's motion in a piecemeal process, resulting in further delays, costs, and expenditure of judicial resources, all for Siemens' sole benefit. Siemens had fourteen days within which to file its response to the City's motion (N.D. IND. L.R. 7-1), and then asked for – and received – an additional fourteen days (DE # 15). These twenty-eight days constituted Siemens' window of opportunity to present all of its arguments in response to the City's motion to abstain.

Unfortunately for Siemens, this contention is now, itself, moot because this court has just remanded Siemens' case back to state court. However, quite fortunately for Siemens, the City's arguments regarding abstention are not compelling.

### 1. *Colorado River Abstention*

The first abstention issue rests on the multi-factor test first articulated by the Supreme Court in *Colorado River,* 424 U.S. 800. That case permits district courts to abstain from exercising jurisdiction in an otherwise proper federal case due to concurrent state proceedings in "exceptional" circumstances. *Id.* Importantly, there is a presumption against abstention. *Huon v. Johnson & Bell, Ltd.,* 657 F.3d 641, 646 (7th Cir. 2011). The Supreme Court also has made it clear that, generally speaking, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court." *Colorado River,* 424 U.S. at 817, and that federal courts have a "virtually unflagging obligation" to exercise the jurisdiction that Congress has given them unless the case is "exceptional." *Id.* The Seventh Circuit takes the Supreme Court's guidance on this issue "seriously" and requires a "strong justification" to overcome the presumption against abstention. *AXA Corp. Solutions v. Underwriters Reins. Corp.,* 347 F.3d 272, 279 (7th Cir. 2003).

To determine whether abstention is appropriate, a district court must first evaluate whether the federal and state cases are parallel. *Huon,* 657 F.3d at 646. In other words, the court must ascertain whether "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Id.*

7

(internal quotation marks omitted). In this case, it cannot be disputed that the cases are almost identical. Though the state case involves the Sureties and the federal case includes a declaratory judgment claim, these differences are minute compared to the virtually indistinguishable factual basis of the parties' claims.

Once a court has determined that two cases are parallel, as this court has done, it must carefully weigh a number of nonexclusive factors in deciding whether to abstain:

> (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

*Huon,* 657 F.3d at 647-48.

The City is correct that a few factors work in its favor, though only slightly so. Certainly it would be more desirable for this litigation to proceed in only one forum, as opposed to two, to avoid this case being decided in a piecemeal fashion (factor 3), but isolation of the issues to the federal forum would solve this problem just as easily. Further, Indiana law governs the parties' contract dispute (factor 5), and the court is confident that the Indiana courts could adequately protect Siemens' rights (factor 6), but the Seventh Circuit advises that federal courts should not shy away from deciding issues of state law. *Diginet, Inc. v. Western Union ATS, Inc.,* 958 F.2d 1388, 1395 (7th Cir.

1992). As explained in detail above, the state action is, indeed, non-removable (factor 9), and this weighs in the City's favor.

But the City argues unpersuasively that the state action is more advanced, procedurally (factor 7), simply because the Sureties are already part of the state suit and will need to be joined in the federal suit. The Sureties have not yet been joined in the federal action because the City has not yet attempted to join them. While it may not be appropriate or efficient for them to have done so yet, the fact that joinder has not yet occurred does not tilt the *Colorado River* analysis in their favor. To the extent that it matters at all, it matters little, and the suits appear to be otherwise generally analogous in terms of procedural development to date. The City also argues that the federal suit was contrived and vexatious (factor 10), but as the City points out, Siemens' federal suit is virtually identical to the City's state suit, so one appears no more contrived or vexatious than the other.

The remaining factors, as the City points out, are either inapplicable or neutral. Factor 1 is inapplicable because there is no property at issue; factor 2 is neutral because the state and federal forums (less than one mile apart) are equally convenient; factor 4 is neutral because the lawsuits were filed on the same day; and factor 8 is neutral because the federal and state courts at issue have concurrent jurisdiction. What the City fails to mention in its briefing, and what damns its case on this point, is that neutral or inapplicable factors weigh in favor of exercising jurisdiction. *Huon,* 657 F.3d at 648.

In total, the result of the *Colorado River* assessment in this case is a handful of factors that weigh slightly in favor of absention, and another handful of factors weighing in favor of exercising jurisdiction. Given the stern admonishments from both the Supreme Court and Seventh Circuit that abstention is permissible only in the most "exceptional" cases, the court must conclude that no "strong justification" exists in this case to abstain. *AXA,* 347 F.3d at 279. Accordingly, the City's request that the court abstain under the *Colorado River* doctrine is denied.

### 2. *Wilton/Brillhart Absention*

The City has also argued that the court should exercise its discretion to decline to hear Siemens' declaratory judgment claim. This argument turns on the *"Wilton/Brillhart"* doctrine, named after the two primary Supreme Court cases on the subject. *Wilton,* 515 U.S. 277; *Brillhart,* 316 U.S. 491. The doctrine applies in a diversity case where a declaratory judgment is sought and a "parallel state proceeding" also exists. *Envision Healthcare, Inc. v. PreferredOne Ins. Co.,* 604 F.3d 983, 986 (7th Cir. 2010).

For purposes of the *Wilton/Brillhart* doctrine, "[t]wo actions are parallel when substantially the same parties are contemporaneously litigating substantially the same issues in two fora." *Id.* It seems obvious that the state and federal actions at issue here are parallel. However, even if they are, the next step of the analysis does not operate in the City's favor:

> Where state and federal proceedings are parallel and the federal suit contains claims for both declaratory and non-declaratory relief, the district court should determine whether the claims seeking non-declaratory relief are independent of the declaratory claim. If they are not, the court can exercise

> its discretion under *Wilton/Brillhart* and abstain from hearing the entire action. But if they are, *the Wilton/Brillhart* doctrine does not apply and, subject to the presence of exceptional circumstances under the *Colorado River* doctrine, the court must hear the independent non-declaratory claims.

*R.R. St. & Co., Inc. v. Vulcan Materials Co.,* 569 F.3d 711, 716-17 (7th Cir. 2009). "A claim for non-declaratory relief is 'independent' of the declaratory claim if: 1) it has its own federal subject-matter-jurisdictional basis, and 2) its viability is not wholly dependent upon the success of the declaratory claim." *Id.* at 717 n.6.

In this case, were the declaratory claim dropped from the federal case, this court would still have diversity jurisdiction over Siemens' breach of contract claim. Further, the requested declaratory relief is not a prerequisite to resolution of the breach of contract claim.[2] In other words, Siemens' breach of contract claim is "independent of the declaratory claim because [it] could stand alone in federal court—both jurisdictionally and substantively—irrespective of the declaratory claim." *Id.* at 717. Therefore, the *Wilton/Brillhart* doctrine does not apply and the City's abstention argument fails.

## III.  CONCLUSION

For the foregoing reasons, the City's motion to remand the state court suit and for fees and costs (No. 2:13 CV 334, DE # 10) is **GRANTED** as to remand, and **DENIED** as to fees and costs. The Sureties' and Siemens' motion for a hearing on the motion to

---

[2] This is so even if a decision on the legal issues involved in the declaratory claim would be dispositive of all of the legal issues in the non-declaratory claim. *R.R. St.,* 569 F.3d at 717 & n.9. The question is not whether one claim would affect the other claim; rather, the question is whether one is "wholly dependent upon the success" or is the "prerequisite" of the other. *Id.*

11

remand (No. 2:13 CV 334, DE # 22) is **DENIED**. The City's motion for abstention (No. 2:13 CV 273, DE # 11) is also **DENIED**.

                                                **SO ORDERED.**

Date: March 10, 2014

                                                s/ James T. Moody
                                                JUDGE JAMES T. MOODY
                                                UNITED STATES DISTRICT COURT